07-4715-cv
Maharam v. Patterson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand ten.

PRESENT:

> JOSEPH M. McLAUGHLIN,
> *Circuit Judge,*
> DENNY CHIN,[*]
> *District Judge.*[**]

---

Patsy Maharam,

*Plaintiff-Appellant,*

-v-                                                                 (07-4715-cv)

James Patterson *et al.*,

*Defendants-Appellees.*

---

[*] Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Honorable Rosemary S. Pooler, originally a member of the panel, did not participate in consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. Internal Operating Procedure E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Appearing for appellant:     Patsy Maharam, pro se, New York, N.Y.

Appearing for appellees:     Elizabeth A. McNamara (Christopher Robinson, *on the brief*),
                             Davis Wright Tremaine LLP, New York, N.Y.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED**, **ADJUDGED**, **AND**

**DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant Patsy Maharam, pro se, appeals from the September 17, 2007 judgment of the United States District Court for the Southern District of New York (Wood, *Judge*) granting summary judgment to the defendants-appellees and dismissing Maharam's copyright infringement claim. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews an order granting summary judgment de novo and focuses on whether the district court properly concluded that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). The denial of a recusal motion is reviewed for abuse of discretion. *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998).

In order to establish a claim for copyright infringement, the owner of a valid copyright must show: (1) actual copying by the defendant; and (2) that the copying amounts to an improper or unlawful appropriation of the protected material. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). Actual copying "may be established either by direct evidence of

2

copying or by indirect evidence, including access to the copyrighted work, similarities that are probative of copying between the works, and expert testimony." *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 140 (2d Cir. 1992). However, "not all copying results in copyright infringement, even if the plaintiff has a valid copyright," *Boisson v. Banian, Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001), and the plaintiff is required to additionally demonstrate that "substantial similarity to protected material exists between the two works," *Laureyssens*, 964 F.2d at 140. A defendant may rebut a prima facie case of copyright infringement by proving independent creation. *See Procter & Gamble Co. v. Colgate Palmolive Co.*, 199 F.3d 74, 77 (2d Cir. 1999).

After having reviewed Maharam's contentions on appeal and the record of proceedings below, we affirm for substantially the reasons stated by the district court in its thorough opinion. Additionally, we note that Maharam's reliance on *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997), is misplaced. *Repp* can be distinguished in two important respects. First, unlike in *Repp*, where the plaintiff's expert testified that the plaintiff's work was so "strikingly similar" to the defendant's as to preclude the possibility of independent creation, *id.* at 890-91, here, Maharam's two experts specifically declined to offer the opinion "that the respective works were so strikingly similar as to preclude the possibility of independent creation." Second, in *Repp*, the defendant submitted only his wife's and his own affidavit, and we concluded that the district court wrongly "accepted only the version of interested witnesses on the question of separate creation." *Id.* at 891. Here, the defendants provided numerous affidavits, including those of non-parties, such as the author's former agent and secretary. Moreover, the defendants provided ample documentary evidence—in the form of 11 drafts and numerous memos with editorial notes—corroborating the affidavits. Therefore, there was no issue of material fact with respect to independent creation.

We further find no abuse of discretion in the district court's denial of Maharam's recusal motion. The record demonstrates that neither the district judge nor her husband had a disqualifying financial interest and, when the judge discovered that her son had owned a potentially disqualifying interest during the pendency of the litigation, she properly determined that, because her son sold the stock before the judge was aware that he owned it, recusal was not warranted. *See* 28 U.S.C. § 455(f). Moreover, neither the fact that the district court judge and a defendant once lived on the same floor of an apartment building nor Maharam's general and unsubstantiated allegations about the district judge's social connections to the defendants would cause a reasonable person to question the court's impartiality. *See United States v. Pitera*, 5 F.3d 624, 626 (2d Cir. 1993).

We have considered all of Maharam's arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk